## Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABI

### No. 74

No. 19049. The Central Storage Warehouse Co. v. H. A. Pickering. Error to the Court of Appeals of Cuyahoga County.

1252. WAREHOUSEMEN — 1. Warehousemen's receipt becomes a contract between parties and person holding such receipt chargeable with knowledge of terms contained therein if such terms do not impair obligation of warehousemen to exercise that degree of care a reasonably careful man would exercise in regard to similar goods of his own.

2. Terms limiting responsibility to $25 while in warehouse, not an exemption from liability for want of due care; but is merely a reasonable method for protection of warehouseman against extravagant valuations in case of loss.

MARSHALL, C. J.

1. By virtue of the provisions of Sections 8457, 8458 and 8459, General Code, a warehouseman's receipt in compliance with those sections issued for goods stored becomes a contract between the parties and the person receiving and holding such receipt even though he does not sign the same or otherwise expressly assent to its terms and conditions is chargeable with knowledge of such terms and conditions and is bound by the same provided the same be not contrary to the provisions of those sections and other related sections and further provided that such terms and conditions do not in any wise impair the obligation of the warehouseman "to exercise that degree of care in the safe-keeping of the goods entrusted to him which a reasonably careful man would exercise in regard to similar goods of his own."

2. Terms and conditions in a warehouse receipt and contract which limit the responsibility of the warehouseman for any article or package listed on such receipt while in such warehouse or being carted to or from the same by it to the sum of $25 unless the value thereof is made known at the time of storing noted on such receipt and the payment of a higher storage rate therefor, is not an exemption from liability for want of due care but is a reasonable and enforceable method of fixing a due proportion between the amount for which the warehouseman becomes responsible and the charges collected by him and for protecting the warehouseman against extravagant valuations in case of loss.

Judgment reversed.

Jones, Day and Kinkade, JJ., concur. Allen, J., dissents.

### No. 75

No. 19042—Mae Post Buell, Admx., v. N. Y. C. R. R. Co. Error to the Court of Appeals of Erie county.

301. CONTRIBUTORY NEGLIGENCE—1. Where a motion for a directed verdict is made on the ground that plaintiff's evidence raises presumption of contributory negligence, such evidence to be given the most favorable interpretation.

2. If the evidence is so interpreted, and no other inference than that of contributory negligence is drawn therefrom, and defendant's conduct is not wilful or malicious, duty of the court to direct verdict.

MARSHALL, C. J.

1. Where in an action for negligence a motion is made for directed verdict in defendant's favor at the close of plaintiff's evidence on the ground that plaintiff's evidence raises a presumption of contributory negligence, the issue raised by such motion requires that plaintiff's evidence be given the most favorable interpretation and if such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part directly contributing to the injury and defendant's conduct is not shown to be wilful or malicious and plaintiff is not aided by any other evidence in the case, it becomes the duty of the court to direct a verdict.

2. The determination of an issue raised by such motion involves the consideration only of uncontroverted evidence and does not require the court to weigh the evidence and unanimous action on the part of the court of appeals is not required in order to reverse the judgment of the trial court thereon.

3. When the defendant makes such motion and the same is overruled and proper exceptions allowed and such motion is renewed at the close of all the evidence and again overruled with proper exceptions and the question is argued on motion for new trial and upon error in the court of appeals, it becomes the duty of this court to examine the record to determine whether a presumption of contributory negligence arises from plaintiff's testimony and whether such presumption is met by any other evidence in the case, and if in the opinion of this court such presumption prevails it is the duty of this court to render final judgment.

4. Where an automobile is stalled upon the track of a railroad at a highway crossing and the driver of the car leaves the car and stands upon the track and such driver is in full possession of his faculties of sight and hearing and knows of the approach of a rapidly moving train and has time and opportunity to seek a place of safety and fails to do so, a reasonable presumption of negligence contributing to his injury and death arises and requires that a verdict be directed in defendant's favor.

Jones and Day, JJ., concur. Kinkade, J., not participating. Robinson, J., dissents.